Case 8:16-cr-00107-CJC   Document 1   Filed 08/17/16   Page 1 of 8   Page ID #:1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

September 2015 Grand Jury

| UNITED STATES OF AMERICA, | No. SACR16-00107 |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1956(a)(1)(A)(i): Money Laundering; 18 U.S.C. § 2(b): Causing an Act to Be Done; 18 U.S.C. § 2(a): Aiding and Abetting] |
| SHAWN P. WATKINS, | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1341, 2(b)]

A.   INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant SHAWN P. WATKINS ("WATKINS"), individually and through Investors Workshops, Inc., The Equity Growth Group, Inc. ("TEGG"), and Global Orbit, Inc., offered investments in real estate.

B.  **THE SCHEME TO DEFRAUD**

2.  Beginning in or around 2007, and continuing to in or about May 2014, in Orange County, within the Central District of California, and elsewhere, defendant WATKINS and others known and unknown to the Grand Jury, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud investors as to material matters and to obtain money from investors, by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3.  The fraudulent scheme was designed to operate, and did operate, as follows:

   a.  Through false and fraudulent statements and written materials, defendant WATKINS and others attempted to induce and did induce victims to invest in real estate through TEGG.

   b.  To obtain the victims' money, defendant WATKINS, who often told prospective investors he was a former Deputy with the Orange County Sheriff's Department, and others made material omissions and false promises and statements, including, without limitation, that TEGG controlled hundreds of properties it held for the long term, which generated profits for investors from rents paid to TEGG, and that through new investments TEGG would continue to acquire properties to generate more rental income.

4. To execute the aforementioned scheme, defendant WATKINS, together with others known and unknown to the Grand Jury, knowingly engaged in fraudulent and deceptive acts, practices and devices, and caused false and deceptive statements to be communicated to, and material information to be concealed and omitted from, victims, including, without limitation, the following:

    a. That TEGG was acquiring new properties and had a positive cash flow;

    b. That money invested by victims would be used to acquire new properties;

    c. That money invested by victims would be secured by collateral through the filing of deeds of trust on properties in the names of the investors;

    d. That victims would receive interest payments on their investments derived from profits from the rental of properties controlled by TEGG; and

    e. That money paid to victims as interest or return of investment was derived from profits TEGG earned through the rental of properties it controlled.

5. At the time defendant WATKINS made and caused these statements to be made to victims, such statements were false, and defendant WATKINS knew they were false, in that:

    a. Since approximately 2011, TEGG was not acquiring new properties and had a negative cash flow;

3

      b.   Money invested by victims was not used to acquire new properties;

      c.   Money invested by victims was, in most cases, not secured by collateral through the filing of deeds of trust on properties in the names of the investors;

      d.   Many victims did not receive interest payments on their investments; and

      e.   Money that was paid to victims as purported interest or return of investment was from other investors and not from income to TEGG from the rental of properties it controlled.

6.   By devising, executing, and participating in the above scheme, defendant WATKINS induced more than 50 victims to invest more than $3.4 million with TEGG.

C.   <u>USE OF THE MAILS</u>

7.   On or about the following dates, in Orange County, within the Central District of California, and elsewhere, defendant WATKINS, together with others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the above-described scheme to defraud, willfully caused the following items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service according to the directions thereon:

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| ONE | 4/9/12 | Check no. 2003 in the amount of $77,000 from TEGG to American Estate & Trust for the benefit of victim W.L. |
| TWO | 7/2/13 | Check no. 3333 in the amount of $50,082.16 from TEGG to victim 2nd Avenue Investments |
| THREE | 8/7/13 | Check no. 3358 in the amount of $150 from TEGG to victim A.S. |
| FOUR | 8/7/13 | Check no. 3359 in the amount of $1,084 from TEGG to American Estate & Trust FBO victim A.S. |

COUNTS FIVE THROUGH NINE

[18 U.S.C. §§ 1343, 2(a)]

8. The Grand Jury repeats, realleges, and incorporates paragraphs 1 through 6 of this Indictment as though fully set forth herein in their entirety.

D. USE OF INTERSTATE WIRE COMMUNICATIONS

9. On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant WATKINS, together with others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the above-described scheme to defraud, caused and aided and abetted the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
| --- | --- | --- |
| FIVE | 11/16/12 | $25,000 wire transfer from victim 2nd Avenue Investments to TEGG account ending 5608 |
| SIX | 7/26/13 | $119,000 wire transfer from victim C.C. (American Estate & Trust) to Global Orbit account ending 9506 |
| SEVEN | 8/7/13 | $50,000 wire transfer from victim C.S. to TEGG account ending 5608 |

COUNTS EIGHT AND NINE

[18 U.S.C. §§ 1956(a)(1)(A)(i), 2(a)]

10. The Grand Jury repeats, realleges, and incorporates paragraphs 1 through 9 of this Indictment as though fully set forth herein in their entirety.

11. On or about the following dates, in Orange County, within the Central District of California, and elsewhere, defendant WATKINS knowingly conducted, attempted to conduct, and aided, abetted, counseled, commanded, induced and procured the following financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, mail and wire fraud in violation of Title 18, United States Code, Sections 1341 and

1343, with the intent to promote the carrying on of specified unlawful activity:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| EIGHT | 4/9/12 | Transfer of $74,000 from TEGG account ending 5608 to TEGG account ending 7721 |
| NINE | 7/26/13 | Transfer of $119,000 from Global Orbit account ending 9506 to TEGG account ending 5608 |

                              A TRUE BILL


                              _____
                              Foreperson

EILEEN M. DECKER
United States Attorney

*[signature]*

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY W. STAPLES
Assistant United States Attorney