SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
GREGORY W. STAPLES (Cal. Bar No. 155505)
Assistant United States Attorney
    United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone: (714) 338-3535
    Facsimile: (714) 338-3523
    E-mail:   greg.staples@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAWN P. WATKINS,<br><br>    Defendant. | No. SACR 16-107-CJC<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:   8/1/17**<br>**[PROPOSED] TRIAL DATE: 6/5/18** |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Greg Staples, and defendant Shawn P. Watkins ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Andrea Jacobs, hereby stipulate as follows:

    1.   The Indictment in this case was filed on August 17, 2016. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on September 1, 2016.

1  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2  trial commence on or before November 10, 2016.
3      2.   On September 1, 2106, the Court set a trial date of October
4  25, 2016, and a status conference date of October 17, 2016
5      3.   Defendant is released on bond pending trial.  The
6  government estimate that the trial in this matter will last
7  approximately six days.
8      4.   By this stipulation, defendant moves to continue the trial
9  date to June 5, 2018, and the status conference to May 21, 2018, at
10 11:00 a.m.  This is the second request for a continuance.
11     5.   Defendant requests the continuance based upon the following
12 facts, which the parties believe demonstrate good cause to support
13 the appropriate findings under the Speedy Trial:
14         a.   Defendant is charged with mail and wire fraud, and
15 money laundering.  The government has produced discovery to the
16 defense.
17         b.   Counsel for defendant represents that additional time
18 is necessary to confer with defendant, conduct and complete an
19 independent investigation of the case, conduct and complete
20 additional legal research including for potential pre-trial motions,
21 review the discovery and potential evidence in the case, and prepare
22 for trial in the event that a pretrial resolution does not occur.
23 Counsel for defendant has a trial set for February 2018 that she
24 believes is likely to go forward.  Counsel for defendant will also be
25 out of town for two weeks in March.  Defense counsel represents that
26 failure to grant the continuance would deny her reasonable time
27 necessary for effective preparation, taking into account the exercise
28 of due diligence.

        c.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

        d.    The government does not object to the continuance.

        e.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 1, 2017, to June 5, 2018, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

////

8.  Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 11, 2017                    Respectfully submitted,

                                        SANDRA R. BROWN
                                        Acting United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        ─────────────────────────────
                                        GREGORY W. STAPLES
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

   I am Shawn P. Watkin's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than June 5, 2018, is an informed and voluntary one.

_/s/ Andrea Jacobs_____                    _7-11-17_____
ANDREA JACOBS                                           Date
Deputy Federal Public Defender
Attorney for Defendant
Shawn P. Watkins

4